

_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

OCT 2 3 2009    LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                    DEPUTY

**09-CV-01516-CMP**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EAST OF CASCADES, INC., a Washington
State Corporation, d/b/a J and Y Investment,
LLC, a Delaware Limited Liability Company;
JIN H. LEE and TAE IN LEE-SONG,
husband and wife, and the marital community
comprised thereof; YONG C. KANG and
KEUM S. KANG, husband and wife, and the
marital community comprised thereof,

　　　　　　　Plaintiffs,

　　v.

FEDERAL DEPOSIT INSURANCE
CORPORATION,

　　　　　　　Defendant.

NO.:　**C 09-1516** *RSM*

COMPLAINT FOR WRONGFUL
DISALLOWANCE OF CLAIMS

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs, East of Cascades, Inc., d/b/a J and Y Investment, LLC, Jin H. Lee and Tae In

Lee-Song, Yong C. Kang and Keum S. Kang, allege as follows:

## PARTIES

1.　Plaintiff East of Cascades, Inc., at all times herein mentioned, was and is a

Washington state corporation with all license fees paid to and administrative documents current

COMPLAINT FOR WRONGFUL DISALLOWANCE OF CLAIMS - 1

LAW OFFICES
LESLIE CLAY TERRY, III
A PROFESSIONAL SERVICE CORPORATION
8420 DAYTON AVENUE NORTH
SEATTLE, WA 98103
◆
(206) 547-1000
FAX (206) 297-5990

with the Washington State Secretary of State, Corporation Division. Plaintiff East of Cascades, Inc., at all times herein mention, was and is doing business as J and Y Investment, LLC, a Delaware limited liability company, with all license fees paid to and administrative documents current with the Delaware State Secretary of State, Corporation Division, and registration as a foreign LLC with the Washington State Secretary of State, Corporate Division.

2.     Plaintiffs Jin H. Lee and Tae In Lee-Song, at all times herein mentioned, were and are husband and wife, residing as a marital community within the City of Irvine, Orange County, California.

3.     Plaintiffs Yong C. Kang and Keum S. Kang, at all times herein mentioned, were and are husband and wife, residing as a marital community within the City of Newcastle, King County, Washington.

4.     Defendant Federal Deposit Insurance Corporation ("FDIC") is the agency of the United States government charged by law with, among other duties, administering the Federal Deposit Insurance Act and the federal bank deposit insurance system. The FDIC is sued in its capacity as Receiver of Westsound Bank, Bremerton, Kitsap County, Washington, which was declared insolvent by the State of Washington, Department of Financial Institutions on May 8, 2009.

## JURISDICTION AND VENUE

6.     This action arises under the Constitution and laws of the United States of America, including, without limitation, the Federal Deposit Insurance Act, 12 U.S.C. §§ 1811 *et seq.*, as amended ("FDI Act"). Plaintiffs filed an administrative claim against the receivership under the provisions of the FDI Act, and this action was commenced within 60 days of the disallowance of that claim. This Court therefore has jurisdiction over the subject matter of this

COMPLAINT FOR WRONGFUL DISALLOWANCE OF CLAIMS - 2

LAW OFFICES
LESLIE CLAY TERRY, III
A PROFESSIONAL SERVICE CORPORATION
8420 DAYTON AVENUE NORTH
SEATTLE, WA 98103
◆
(206) 547-1000
FAX (206) 297-5990

1    action pursuant to 12 U.S.C. §§ 1819(b)(2)(A) and 1821(d)(6), and 28 U.S.C. § 1331.

2        7.    Venue is proper in this Court under 12 U.S.C. § 1821(d)(6) and 28 U.S.C. § 1391.

3    **BACKGROUND**

4        8.    On May 8, 2009, the Washington Department of Financial Institutions ("WDFI")

5    took possession of Westsound Bank of Bremerton, citing severe asset problems, losses of a

6    significant nature, and inadequate capital.

7        9.    Immediately upon taking possession of Westsound Bank, WDFI appointed FDIC

8    as the Receiver, effective May 8, 2009.

9        10.    Prior to the loan being requested or approved by Westsound Bank, Plaintiffs Kang

10   and Lee had, from 1998, periodically purchased stock certificates in Westsound Bank, prior to a

11   public offering in December 2006. The stock price was approximately $20.00 per share at the

12   time of each purchase, and subsequently was split at 6.129, converting each share of stock into

13   6.129 shares of stock.

14       11.    At the time of the public offering, each share of stock was valued at $16.50.

15       12.    Plaintiffs Kang purchased 2,865 shares of stock, which increased to

16   approximately 17,559 shares of stock at the time of the split, and was valued at approximately

17   $289,733.00 at the time of the public offering.

18       13.    Plaintiffs Lee purchased 4,000 shares of stock, which increased to approximately

19   24,516 shares of stock at the time of the split, and was valued at approximately $404,514.00 at

20   the time of the public offering.

21       14.    Plaintiffs Kang and Lee together had 42,075 Westsound Bank Stock certificates at

22   the time of the public offering in December 2006. The combined value of Plaintiffs Kang and

23   Lee's shares, valued at $16.50 a share, came to approximately $694,237.00.

COMPLAINT FOR WRONGFUL DISALLOWANCE OF CLAIMS - 3

LAW OFFICES
LESLIE CLAY TERRY, III
A PROFESSIONAL SERVICE CORPORATION
8420 DAYTON AVENUE NORTH
SEATTLE, WA 98103
♦
(206) 547-1000
FAX (206) 297-5990

15.     Plaintiff East of Cascades, Inc., doing business as J and Y Investment, LLC ("J and Y Investment"), is the owner of the Federal Way Center Office Building, a class A office building located at 2505 South 320th Street, Federal Way, King County, Washington.

16.     On or about May 2005, Westsound Bank requested and received from Plaintiff J and Y Investment a leasehold interest of approximately 2,900 square feet of prime office space on the first floor of Plaintiff's building. In August 2005, Westsound Bank agreed to and approved a business loan request by Plaintiffs in the amount of $1,500,000.00, at a 7.5% loan rate for a period of three years.  Subsequently, an extension of the loan was agreed upon in November 2008, at a loan rate of 7% per annum, due August 1, 2011.

17.     As a requirement demanded and set forth in a commitment letter, dated August 2, 2005, authored by Westsound Bank for a loan to Plaintiff J and Y Investment, whose members and managers were Plaintiffs Kang and Lee, Plaintiffs Kang and Lee were required to secure the loan obligation by an assignment of their entire Westsound Bank Stock Certificates.  Such assignment was by relinquishment of physical possession of such Certificates into the personal control of Westsound Bank, for the entire duration of the loan.  A true and correct copy of the commitment letter, dated August 2, 2005, is attached hereto as Exhibit A.

18.     As a further requirement demanded and set forth in the commitment letter, Westsound Bank demanded that the lease agreement between it and Plaintiff J and Y Investment be modified, before the loan closing, restricting Plaintiff from agreeing to permit any other financial lenders of any type (including banks, mortgage companies, finance companies) from displaying any signage on the exterior of Plaintiff's building or upon any part of the real property located at the building address.

19.     The conditional loan commitment was accepted by Plaintiffs in order to obtain the

COMPLAINT FOR WRONGFUL DISALLOWANCE OF CLAIMS - 4

LAW OFFICES
LESLIE CLAY TERRY, III
A PROFESSIONAL SERVICE CORPORATION
8420 DAYTON AVENUE NORTH
SEATTLE, WA 98103
♦
(206) 547-1000
FAX (206) 297-5990

1  business loan, which Plaintiffs required for their business purpose.

2      20.    By February 2007, Westsound Bank stock was at approximately $20.24 per share,

3  representing a substantial increase and capital gain in favor of Plaintiffs Kang and Lee.  Due to

4  the "negative pledge" of their Westsound Bank stock to collateralize the business loan (which

5  was in addition to security interests by deeds of trust on the personal residences of Plaintiffs

6  Kang and Lee), both Plaintiffs were unable to request, demand, receive, sell, liquidate, or control

7  their individual shares of stock to take advantage of the increased market value of their

8  individual stock certificates.

9      21.    When Westsound Bank began having financial problems in late 2007 and 2008,

10  Plaintiffs were unable to request, demand, receive, sell, liquidate, or control their individual

11  shares of stock to mitigate their potential losses by the drop in value of their individual stock

12  certificates.  By the date that Westsound Bank was seized by both state and federal regulators, its

13  shares of stock closed at approximately $0.29 per share.

14      22.    At a time subsequent to the appointment of the Receiver, Plaintiffs were informed

15  that the loan documents actually signed by Westsound Bank and required to be signed by all

16  Plaintiffs did not include a provision, clause, restriction, or mandate for the original Westsound

17  Bank Stock Certificates to remain in the physical possession of Westsound Bank, as had been

18  made a condition specified in the commitment letter.

19      23.    Plaintiffs were not aware that Westsound Bank had omitted the pledge

20  requirements of their Westsound Bank Stock Certificates as a pledged collateral for or as a

21  condition of the loan.  Plaintiffs had a reasonable belief, based upon the written commitment

22  letter which Plaintiffs signed, that Plaintiffs Kang and Lee were forbidden from selling,

23  liquidating, or having the stock certificates returned to them.  Plaintiffs have no knowledge for

COMPLAINT FOR WRONGFUL DISALLOWANCE OF CLAIMS - 5

LAW OFFICES
LESLIE CLAY TERRY, III
A PROFESSIONAL SERVICE CORPORATION
8420 DAYTON AVENUE NORTH
SEATTLE, WA 98103
◆
(206) 547-1000
FAX (206) 297-5990

1  the reason such pledge requirement had been omitted from the final loan documents.

2      24.    Under the guidelines of FDIC, all claims against Westsound Bank are required to

3  be made under a Proof of Claim Form and submitted in a timely manner.

4      25.    On June 29, 2009, the Claims Agent of the FDIC sent a letter to Plaintiffs

5  demanding a Proof of Claim be filed no later than August 12, 2009 ("Claims Bar Date").  Failure

6  to file a claim on or before Claims Bar Date would result in the Receiver disallowing Plaintiffs

7  claim.

8      26.    In compliance with the mandated deadline, Plaintiffs Kang and Lee filed claims

9  before the Claims Bar Date.  Plaintiffs Lee filed a Claim, with supporting documentation, for

10  financial losses totaling $503,836.00, plus accrued interest.  A true and correct copy of the Claim

11  is attached hereto as Exhibit B.  Plaintiffs Kang filed a Claim, with supporting documentation,

12  for financial losses totaling $368,799.00, plus accrued interest.  A true and correct copy of the

13  Claim is attached hereto as Exhibit C.

14      27.    In further compliance with the mandated deadline, Plaintiff J and Y Investment

15  filed its claim before the Claims Bar Date.  Plaintiff J and Y Investment filed a Claim, with

16  supporting documentation, for financial losses for treble damages, attorney fees, and costs, under

17  12 U.S.C § 1975, pursuant to the Bank Holding Company Act, Anti-tying Statute, 12 U.S.C §

18  1972 (1)(C) and (D).  The Claim specified Westsound Bank tying the providing of property

19  rights and landlord services strictly to the Bank as a condition of making a loan to Plaintiff J and

20  Y Investment.  A true and correct copy of the Claim is attached hereto as Exhibit D.

21      28.    On or about August 24, 2009, a letter was received by Plaintiffs from the FDIC,

22  dated August 24, 2009 ("Disallowance Letter") which disallowed Plaintiffs' claims in their

23  entirety.  The reason provided for the disallowance was that the claims were not proven to

COMPLAINT FOR WRONGFUL DISALLOWANCE OF CLAIMS - 6

LAW OFFICES
LESLIE CLAY TERRY, III
A PROFESSIONAL SERVICE CORPORATION
8420 DAYTON AVENUE NORTH
SEATTLE, WA 98103
♦
(206) 547-1000
FAX (206) 297-5990

acceptability of the Receivership.  No other or further reason was provided by the Plaintiffs.

Under the terms of the Disallowance Letter, Plaintiffs were informed that if a lawsuit was not

filed within 60 days of August 24, 2009 regarding the disallowance of their claims, the claims

would be barred.  The Disallowance Letter further provided that the lawsuit filed by Plaintiffs

was required to be commenced either in the United States District Court for the District within

which Westsound Bank's principal place of business was located, or the United States District

Court for the District of Columbia.  A true and correct copy of the Disallowance Letter, dated

August 24, 2009, is attached hereto as Exhibit E.

29.     Plaintiffs disagreed with the disallowance of their claim and, accordingly,

Plaintiffs have filed this action.

### CLAIM FOR RELIEF

### COUNT I
### PLAINTIFFS YONG C. KANG and KEUM S. KANG

30.     Plaintiffs Kang incorporate the allegations and averments within Paragraphs 1

through 29 above as though fully set forth herein.

31.     Under 12 U.S.C. §1821(d)(6)(A), this Court has de novo jurisdiction to consider

Plaintiffs' claim.  See, e.g., Freeman v. FDIC, 56 F.3d 1394, 1400 (D.C. Cir. 1995) ("[U]nder

section 1821(d)(6) [claimant] had recourse to de novo a judicial review of the FDIC's denial of

[their] claim."); Benjamin Franklin Shareholders' Litig. Fund v. FDIC, 501 F.Supp. 2d 103, 106

(D.D.C. 2007) ("[T]his court reviews de novo claims filed with, and processed by the FDIC

under its administrative claims process.") (citing Freeman v. FDIC, 56 F.3d 1394, 1400 (D.C.

Cir. 1995)).

32.     Plaintiffs Kang's claim is a valid and proven claim against the Receiver and the

COMPLAINT FOR WRONGFUL DISALLOWANCE OF CLAIMS - 7

LAW OFFICES
LESLIE CLAY TERRY, III
A PROFESSIONAL SERVICE CORPORATION
8420 DAYTON AVENUE NORTH
SEATTLE, WA 98103
♦
(206) 547-1000
FAX (206) 297-5990

1  FDIC is obligated to pay the claim (subject to and in accordance with 12 U.S.C. §1821(d)(11)).

2                                        **COUNT II**
3                    **PLAINTIFFS JIN H. LEE and TAE IN LEE-SONG**

4       33.    Plaintiffs Lee incorporate the allegations and averments within Paragraphs 1

5  through 29 above as though fully set forth herein.

6       34.    Under 12 U.S.C. §1821(d)(6)(A), this Court has de novo jurisdiction to consider

7  Plaintiffs' claim.  See, e.g., <u>Freeman v. FDIC</u>, 56 F.3d 1394, 1400 (D.C. Cir. 1995) ("[U]nder

8  section 1821(d)(6) [claimant] had recourse to de novo a judicial review of the FDIC's denial of

9  [their] claim."); <u>Benjamin Franklin Shareholders' Litig. Fund v. FDIC</u>, 501 F.Supp. 2d 103, 106

10 (D.D.C. 2007) ("[T]his court reviews de novo claims filed with, and processed by the FDIC

11 under its administrative claims process.") (citing <u>Freeman v. FDIC</u>, 56 F.3d 1394, 1400 (D.C.

12 Cir. 1995)).

13      35.    Plaintiffs Lee's claim is a valid and proven claim against the Receiver and the

14 FDIC is obligated to pay the claim (subject to and in accordance with 12 U.S.C. §1821(d)(11)).

15                                       **COUNT III**
16     **PLAINTIFF EAST OF CASCADES, INC., d/b/a J AND Y INVESTMENT, LLC**

17      36.    Plaintiff East of Cascades, Inc., d/b/a J and Y Investment, LLC, incorporates the

18 allegations and averments within Paragraphs 1 through 29 above as though fully set forth herein.

19      37.    Under 12 U.S.C. §1821(d)(6)(A), this Court has de novo jurisdiction to consider

20 Plaintiff's claim.  See, e.g., <u>Freeman v. FDIC</u>, 56 F.3d 1394, 1400 (D.C. Cir. 1995) ("[U]nder

21 section 1821(d)(6) [claimant] had recourse to de novo a judicial review of the FDIC's denial of

22 [their] claim."); <u>Benjamin Franklin Shareholders' Litig. Fund v. FDIC</u>, 501 F.Supp. 2d 103, 106

23 (D.D.C. 2007) ("[T]his court reviews de novo claims filed with, and processed by the FDIC

24 under its administrative claims process.") (citing <u>Freeman v. FDIC</u>, 56 F.3d 1394, 1400 (D.C.

25

COMPLAINT FOR WRONGFUL DISALLOWANCE OF CLAIMS - 8

LAW OFFICES
LESLIE CLAY TERRY, III
A PROFESSIONAL SERVICE CORPORATION
8420 DAYTON AVENUE NORTH
SEATTLE, WA 98103
◆
(206) 547-1000
FAX (206) 297-5990

1  Cir. 1995)).

2      38.    Plaintiff East of Cascades' claim is a valid and proven claim against the Receiver

3  and the FDIC is obligated to pay the claim (subject to and in accordance with 12 U.S.C.

4  §1821(d)(11)).

5                              **PRAYER FOR RELIEF**

6      WHEREFORE, Plaintiffs pray and respectfully request this Court to grant the following

7  relief.

8      A.    For an Order of this Court declaring the claims of Plaintiffs Kang to be valid and

9
10 proven against the Receivership;

11     B.    For an Order of this Court declaring the claims of Plaintiffs Lee to be valid and

12 proven against the Receivership;

13     C.    For an Order of this Court declaring the claims of Plaintiff East of Cascades, Inc.,

14 d/b/a J and Y Investment, LLC, to be valid and proven against the Receivership;

15     D.    For an Order of this Court directing FDIC to pay all Plaintiffs under their

16 respective claims from assets of the Receivership in accordance with 12 U.S.C. §1821(d)(11) and

17 other authority;

18     E.    For an Order of this Court declaring that the FDIC's August 24, 2009

19
20 disallowance of the claim of each Plaintiff to be void, and to issue an order that the parties

   should proceed as if such disallowance had never occurred;
21
22     F.    For an Order of this Court awarding Plaintiffs their costs and attorney fees as may

23 be permitted by law; and

24     G.    For an Order of this Court awarding Plaintiffs such other and further relief as may

25 be just and equitable.

COMPLAINT FOR WRONGFUL DISALLOWANCE OF CLAIMS - 9

LAW OFFICES
LESLIE CLAY TERRY, III
A PROFESSIONAL SERVICE CORPORATION
8420 DAYTON AVENUE NORTH
SEATTLE, WA 98103
♦
(206) 547-1000
FAX (206) 297-5990

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorney, hereby demands a trial by jury on the claims asserted herein pursuant to Fed. R. Civ. P. 38.

Dated this 23rd day of October, 2009.

LAW OFFICES OF LESLIE CLAY TERRY, III

LESLIE CLAY TERRY, III – WSBA NO. 8593
Attorney for Plaintiffs

Law Offices of Leslie Clay Terry, III P.S.
8420 Dayton Avenue North
Seattle, WA 98103
(206) 547-1000  Telephone
(206) 297-5990  Fax
info@clayterrylaw.com

COMPLAINT FOR WRONGFUL DISALLOWANCE OF CLAIMS - 10

LAW OFFICES
LESLIE CLAY TERRY, III
A PROFESSIONAL SERVICE CORPORATION
8420 DAYTON AVENUE NORTH
SEATTLE, WA 98103
♦
(206) 547-1000
FAX (206) 297-5990

# EXHIBIT A



# WESTSOUND BANK
### NEW HORIZONS IN BANKING

August 2, 2005

Mr. Yong C. Kang
Mr. Jin H. Lee
J & Y Investments, LLC
2505 South 320th St.
Federal Way, WA 98003

VIA FAX (253) 237-5009

RE:    **Loan for payoff of assumption balance and to meet reserve requirements**

Gentlemen;

We are pleased to inform you that **Westsound Bank** has approved your request for the loan request noted above.

Please note the following terms and conditions of the Banks' approval. They are:

| Use of Funds: | | |
|---|---|---|
| | Payoff Assumption Balance | $1,000,000.00 |
| | Establish Reserve Requirements | 500,000.00 |
| | Total | $1,500,000.00 |

**Borrower Equity:**    Not Applicable

**Loan Amount:**    $1,500,000.00 (Multiple Advance)

**Loan Type:**    Commercial Loan

**Loan Rate:**    7.25%, or ( set at WSJP + 1.00%, at the time of loan closing)

**Rate Adjustment:**    None

**Term:**    Three (3) years

**Amortization:**    Twenty Five (25) years

**Pre-Payment Penalty:**    None

190 Pacific Ave. • P.O. Box 405, Bremerton, WA 98337 • Phone (360) 405-1200 • Fax: (360) 405-1206 • mybank@westsoundbank.com
9960 Silverdale Way NW, Suites 1 & 2 • Silverdale, WA 98383 • Phone: (360) 204-7009 • Fax: (360) 204-7014

**Page 2 of 3 (Commitment Letter to J & Y Investments, LLC 08/02/05)**

| | |
|---|---|
| **Repayment:** | Equal monthly payments of $10,843.00, principal including interest, with a balloon at maturity. |

**Fees:**

1) 1.0% Loan Origination Fee, on the total loan commitment
2) Other fees, as may be applicable (i.e.: title, appraisal, recording fees, title insurance, etc.)

**Collateral:**

1) 2nd Deed(s) of Trust on:
   A) Personal home of Yong C. Kang, located at 13714 SE 75th St., Newcastle, WA
   B) Personal Home of Jin H. Lee, located at 50 New Dawn, Irvine, CA

2) Agreement of "Negative Pledge" of:
   A) 2,865 Shares of Westsound Bank stock, owned by Yong C. Kang and/or family
   B) 4,000 Shares of Westsound Bank stock, owned by Jin H. Lee and/or family

**Conditions:**

1) The original Westsound Bank Stock Certificates, owned by each party are to remain in the physical possession of Westsound Bank, for the duration of the loan.

2) The Lease Agreement between Westsound Bank and J & Y Investments, LLC, is to be modified, before loan closing, such that the Landlord/ Owners agree to not allow any other Lenders of any type (bank, mortgage, finance, pay day, pawn, etc.) to display signage on the exterior of the building, nor on any part of the property located at 2505 South 320th St., Federal Way, WA.

With, the exception of signage subject to the above exclusions, which may already be in place.

3) The prior Commitment Letter issued by Westsound Bank, in the amount of $1,500,000.00 and to be secured by the Federal Way Center, is hereby rescinded.

4) This Commitment Letter shall expire, if not executed by 08/16/05.

5) This Loan Commitment shall expire, if not closed within 90 days of execution of the Loan Commitment Letter.

**Page 3 of 3 (Commitment Letter to J & Y Investments, LLC 08/02/05)**

We are pleased to present this conditional loan commitment to you. If you have any questions concerning the terms presented in this letter, please call me at 360-405-1200 (Office) or 360-908-4179 (Cell).

We appreciate the opportunity to provide our banking services to you.

Sincerely,

DAVID K. JOHNSON by

David K. Johnson
President and CEO

**Agreed to and accepted this ___ day of August, 2005**

**J & Y Investments, LLC**

Yong C. Kang, Member

Jin H. Lee, Member

Yong C. Kang, Individually

Jin H. Lee, Individually

cc:    customer file

# EXHIBIT B

### Federal Deposit Insurance Corporation as Receiver for:
**10060 – WESTSOUND BANK BREMERTON, WA**
(Name of Bank/Financial Institution and Location)

## PROOF OF CLAIM

SSN/Tax ID # (1) _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_

The undersigned, (2) _JIN H. LEE_
(Name of person making the claim)

says that the **WESTSOUND BANK** _____ now in liquidation is
(Name of Bank/Financial Institution)

justly indebted to (3) **East Of Cascades** _____ in the sum of
(Individual/Joint/Corporation/Partnership/Firm/Agency)

(4) _$ 503,836._ _____ Dollars upon the following Claim:

| | Description of (invoice) claim: | Liability Number 500000416-000 | Amount of Claim |
|---|---|---|---|
| C L A I M S | (5) SEE ATTACHMENTS | | $ 503,836 |
| | | Total Claim:(6) | |

The undersigned further states that he/she makes this claim on behalf of

(7) **East Of Cascades** _____ ,

that no part of said debt has been paid, that

(8) **East Of Cascades** / _JIN H. LEE_ _____
(Individual/Joint/Corporation/Partnership/Firm/Agency)

has given no endorsement or assignment of the same or any part thereof, and that there is no set-off or

counterclaim, or other legal or equitable defense to said claim or any part thereof.

NAME (9) _YONG C. KANG_      _PRESIDENT_
(Signature of Person making the Claim)      (Title)

FIRM _EAST OF CASCADES Inc_
(If applicable)

ADDRESS (10) _13714 SE 75TH ST_

CITY/STATE/ZIP _NewCASTLE, WA 98059_

TELEPHONE NUMBER _(425) 771-7651 / (C) 360-981-4010_

The penalty for knowingly making or inviting reliance of any false, forged, or counterfeit statement, document, or thing for the purpose of influencing in any way the action of the Federal Deposit Insurance Corporation is a fine of not more than $1,000,000 or imprisonment for not more than thirty years, or both (18 U.S.C. Section 1007).

## ATTCHMENT TO Jin H. LEE

## Proof of claim

MR. Lee has a claim for damage against WestSound Bank for the

Improper retention of WestSound Bank stock as collateral for the loan

WestSound made to East of Cascades Inc., DBA J&Y investment, LLC

In or about August of 2005.  The bank wrongly demanded WestSound Bank

Stock owned by Mr. Lee as collateral for a loan made to J&Y Invest, LLC

And thereafter failed and refused to permit Mr. Lee to liquidate any or all

Of his WestSound Bank stock resulting in a financial loss of $503,836 plus

Interest.

# EXHIBIT C

**Federal Deposit Insurance Corporation as Receiver for:**

**10060 – WESTSOUND BANK BREMERTON, WA**

(Name of Bank/Financial Institution and Location)

## PROOF OF CLAIM

SSN/Tax ID # (1) 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

The undersigned, (2) YONG C. KANG

(Name of person making the claim)

says that the **WESTSOUND BANK** _____ now in liquidation is

(Name of Bank/Financial Institution)

justly indebted to (3) East Of Cascades _____ in the sum of

(Individual/Joint/Corporation/Partnership/Firm/Agency)

(4) $368,739 Plus Interest _____ Dollars upon the following Claim:

| | Description of (invoice) claim: | Liability Number | Amount of Claim |
|---|---|---|---|
| C L A I M S | (5)  SEE ATTACHMENT | 500000416-000 | $368,799 |
| | | Total Claim:(6) | |

The undersigned further states that he/she makes this claim on behalf of

(7) **East Of Cascades** _____ ,

that no part of said debt has been paid, that

(8) **East Of Cascades** / YONG C. KANG

(Individual/Joint/Corporation/Partnership/Firm/Agency)

has given no endorsement or assignment of the same or any part thereof, and that there is no set-off or

counterclaim, or other legal or equitable defense to said claim or any part thereof.

NAME (9) YONG C. KANG        President

(Signature of Person making the Claim)        (Title)

FIRM EAST OF CASCADES Inc.

(If applicable)

ADDRESS (10) 13714 SE 75TH ST

CITY/STATE/ZIP NewCASTLE, WA 98059

TELEPHONE NUMBER (425)271-7651 / (C) 360-981-4010

The penalty for knowingly making or inviting reliance of any false, forged, or counterfeit statement, document, or thing for the purpose of influencing in any way the action of the Federal Deposit Insurance Corporation is a fine of not more than $1,000,000 or imprisonment for not more than thirty years, or both (18 U.S.C. Section 1007).

RLS7212

**ATTACHMENT TO J&Y INVESTMENT, LLC**
**PROOF OF CLAIM**

J&Y Investment, LLC has a claim for treble damages, attorneys' fees and costs pursuant to 12 U.S.C. § 1975 for violation of 12 U.S.C. § 1972(1)(C) and (D) (Bank Holding Company Act Anti-Tying Statute) stemming from WestSound Bank tying the providing of property rights and landlord services to WestSound Bank as a condition of making a loan to J&Y Investment, LLC in connection with a loan made by WestSound Bank to J&Y Investment, LLC on or about August of 2005. Damages are currently unknown and unliquidated. This claim does not replace or supercede claim no. 500000155-000 previously submitted.

# EXHIBIT D

**Federal Deposit Insurance Corporation as Receiver for:**

**10060 – WESTSOUND BANK BREMERTON, WA**

(Name of Bank/Financial Institution and Location)

## PROOF OF CLAIM

SSN/Tax ID # (1) _____

The undersigned, (2) _____

(Name of person making the claim)

says that the **WESTSOUND BANK** _____ now in liquidation is

(Name of Bank/Financial Institution)

justly indebted to (3) **East Of Cascades** _____ in the sum of

(Individual/Joint/Corporation/Partnership/Firm/Agency)

(4) _____ Dollars upon the following Claim:

| | Description of (invoice) claim: | Liability Number | Amount of Claim |
|---|---|---|---|
| **C** | (5) | 500000416-000 | |
| **L** | | | |
| **A** | | | |
| **I** | | | |
| **M** | | | |
| **S** | | Total Claim:(6) | |

The undersigned further states that he/she makes this claim on behalf of

(7) **East Of Cascades** _____ ,

that no part of said debt has been paid, that

(8) **East Of Cascades** _____

(Individual/Joint/Corporation/Partnership/Firm/Agency)

has given no endorsement or assignment of the same or any part thereof, and that there is no set-off or

counterclaim, or other legal or equitable defense to said claim or any part thereof.

NAME (9) _____     _____

(Signature of Person making the Claim)           . (Title)

FIRM _____

(If applicable)

ADDRESS (10) _____

CITY/STATE/ZIP _____

TELEPHONE NUMBER _____

The penalty for knowingly making or inviting reliance of any false, forged, or counterfeit statement, document, or thing for the purpose of influencing in any way the action of the Federal Deposit Insurance Corporation is a fine of not more than $1,000,000 or imprisonment for not more than thirty years, or both (18 U.S.C. Section 1007).

RLS7212

ORIGINAL SIGNED AND
SUBMITTED TO RECEIVER  3
CLAIM # 500000416-000

## ATTACHMENT TO J&Y INVESTMENT, LLC
## PROOF OF CLAIM

J&Y Investment, LLC has a claim for treble damages, attorneys' fees and costs pursuant to 12 U.S.C. § 1975 for violation of 12 U.S.C. § 1972(1)(C) and (D) (Bank Holding Company Act Anti-Tying Statute) stemming from WestSound Bank tying the providing of property rights and landlord services to WestSound Bank as a condition of making a loan to J&Y Investment, LLC in connection with a loan made by WestSound Bank to J&Y Investment, LLC on or about August of 2005. Damages are currently unknown and unliquidated. This claim does not replace or supercede claim no. 500000155-000 previously submitted.

# EXHIBIT E



**Federal Deposit Insurance Corporation**
40 Pacifica, Irvine, CA 92618

Division of Resolutions and Receiverships

CERTIFIED MAIL 7003 0500 0005 1714 6377
RETURN RECEIPT REQUESTED

August 24, 2009

East Of Cascades
13714 SE 75th Street
Newcastle, WA 98059

SUBJECT:    10060–WESTSOUND BANK
            BREMERTON, WA – In Receivership
            NOTICE OF DISALLOWANCE OF CLAIM

Dear Claimant:

The Receiver of WESTSOUND BANK has reviewed your claim against the receivership. After a thorough review of your filed claim along with your supporting documentation, the Receiver has determined to disallow your claim for the following reason(s):

### CLAIMS NOT PROVEN TO ACCEPTABILITY OF THE RECEIVERSHIP

Pursuant to 12 U.S.C. Section 1821 (d) (6), if you do not agree with this disallowance, you have the right to file a lawsuit on your claim (or continue any lawsuit commenced before the appointment of the Receiver), in the United States District (or Territorial) Court for the District within which the failed institution's principal place of business was located or the United States District Court for the District of Columbia within 60 days from the date of this notice.

**IF YOU DO NOT FILE A LAWSUIT** (or continue any lawsuit commenced before the appointment of the Receiver) **BEFORE THE END OF THE 60-DAY PERIOD, THE DISALLOWANCE WILL BE FINAL, YOUR CLAIM WILL BE FOREVER BARRED AND YOU WILL HAVE NO FURTHER RIGHTS OR REMEDIES WITH RESPECT TO YOUR CLAIM. 12 U.S.C. Section 1821(d)(6)(B).**

However, if a portion of your claim is for an insured deposit, your claim is not against the Receiver but rather is against the FDIC in its "corporate" capacity as deposit insurer. An insured depositor's rights are prescribed in 12 U.S.C. Section 1821(f) and differ from the rights described in the preceding paragraphs.

If you have any questions about this letter, please contact the undersigned at (949) 208-6700.

Sincerely,

Claims Agent
Claims Department

RLS7218

25